UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTOINETTE C.,

               Plaintiff,

       v.                                      **DECISION AND ORDER**
                                              20-CV-6728S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

       1.      Plaintiff Antoinette C.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since February 13, 2016, due to various physical and mental conditions.  Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

       2.      Plaintiff applied for supplemental security income on January 9, 2017.  After denial at the agency level, Plaintiff proceeded to a hearing, which took place before ALJ John P. Costello on July 8, 2019.  At the time of the hearing, Plaintiff was 46 years old, with at least a high school education, and past relevant work as a sorter.  The ALJ considered the case *de novo* and, on July 30, 2019, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on July 27, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on September 17, 2020, challenging the Commissioner's final decision.[2]     After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on October 29, 2021.  (Docket Nos. 11, 13, 15, 17.) The Clerk of Court assigned the case here on October 14, 2021.  (Docket No. 16.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's July 30, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.     As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.   See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.      "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

perform her past work.  Finally, if the claimant is unable to
perform her past work, the [Commissioner] then determines
whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the

Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5;

Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).   The fifth step is divided into two

parts.    First,  the  Commissioner  must  assess  the  claimant's  job  qualifications  by

considering his or her physical ability, age, education, and work experience.  Second, the

Commissioner must determine whether jobs exist in the national economy that a person

having the claimant's qualifications could perform.  See 42 U.S.C. § 1383 (c)(1)(A); 20

C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954,

76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process

set forth above: (1) Plaintiff has not engaged in substantial gainful activity since January

9, 2017, the application date (R. at 14[3]); (2) Plaintiff's degenerative disease of the spine,

arthritis of the knee, and obesity were severe impairments within the meaning of the Act

(R. at 14-17); (3) Plaintiff does not have an impairment or combination of impairments

that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart

P, Appendix 1 (R. at 17); (4) Plaintiff retained the residual functional capacity ("RFC") to

perform light work as defined in 20 C.F.R. § 416.967 (b) (R. at 17-20); (5) Plaintiff could

perform her past relevant work as a sorter (R. at 20); and, in the alternative, (6) Plaintiff

---

[3] Citations to the underlying administrative record are designated as "R."

could perform jobs that exist in significant numbers in the national economy given her age, education, work experience, and RFC (R. at 20-21).   Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from January 9, 2017, through July 30, 2019.  (R. at 12, 21.)

13.     Plaintiff offers two challenges to the ALJ's RFC determination.  First, she argues that the ALJ erred by relying on an unclear medical opinion.  Second, she argues that the ALJ erred by failing to account for her mental limitations.   In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.   This Court agrees with the Commissioner.

14.     RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  See 20 C.F.R. § 416.945 (a)(1).  Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  See 20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  All of this evidence must be considered in determining RFC, "not just . . . the medical opinions alone."  Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021

WL 22504, at *5 (W.D.N.Y. Jan. 4, 2021) (citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).

15.     While the ALJ is precluded from substituting his or her own lay opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. Id.  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  Richard B., 2021 WL 22504, at *4.

16.     Here, the ALJ determined that Plaintiff could perform the full range of light work.  (R. at 17-20.)  To be considered capable of performing a full range of light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated.  See 20 C.F.R. § 416.967 (b).

17.     The ALJ reached his RFC determination after reviewing and evaluating the record evidence.  First, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her conditions were not entirely consistent with the medical evidence.  (R. at 17-18.)  In doing so, the ALJ explained his consideration of Plaintiff's statements as weighed against the medical evidence (including physical exam findings, diagnostic evidence, and treatment notes) pertaining to each severe impairment. (R. at 18-19 (back impairments); R. at 19 (knee); R. at 19 (obesity)).  In each case, the

ALJ found insufficient objective evidence to support a finding that Plaintiff is unable to perform light work consistent with the RFC.  Notably, the ALJ found it significant that Plaintiff received little treatment for her conditions, had largely normal clinical findings, did not follow up with diagnostic testing (x-rays), and did not consistently take her medication. (R. at 18, 19.)

18.     Second, the ALJ found that Plaintiff's admitted activities of daily living were inconsistent with the significant limitations she alleged, including caring for her children, performing housework, sewing, and crafting.  (R. at 20.)  In summarizing his findings, the ALJ wrote that "the claimant's allegations of serious and debilitating physical symptoms are not supported by the record; she appears far more capable of sustained physical work tasks than she alleges."  (R. at 20.)

19.     Third, the ALJ considered the medical opinions of record, most notably those from Harbinder Toor, M.D. (physical) and Todd Deneen, Psy.D. (mental).  Dr. Toor opined that Plaintiff had "moderate limitations to standing, walking, sitting, bending, lifting, and carrying, . . . [and] moderate limitations doing exertion."  (R. at 257.)  The ALJ afforded Dr. Toor's opinion "partial weight" because it was somewhat vague in its use of the term "moderate."  (R. at 20.)  Dr. Deneen opined that Plaintiff had no mental limitations other than a mild limitation for regulating emotions, controlling behavior, and maintaining well-being.  (R. at 265.)  In sum, although Dr. Deneen found some presence of a psychiatric problem, he concluded that the problem was "not significant enough to interfere with the claimant's ability to function on a daily basis."  (Id.)  The ALJ afforded Dr. Deneen's opinion significant weight.  (R. at 15.)  Plaintiff did not submit any treating-physician medical-source statements.  (Id.)

9

20.     Against this backdrop, Plaintiff first broadly argues that Dr. Toor's opinion cannot constitute substantial evidence supporting the ALJ's RFC determination because his use of the term "moderate" renders it unclear as to whether Plaintiff is able to perform light work.  Findings of "moderate" limitations, however, are not necessarily inconsistent with the ability to perform light work.  See Harrington v. Colvin, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (noting split of authority and collecting cases).  Here, the ALJ considered Dr. Toor's examination findings along with his medical source statement and concluded that nothing therein precluded light work.  Plaintiff takes no specific issue with this finding, simply averring instead that "it is not clear Dr. Toor is saying Plaintiff can perform light work."  But it is the ALJ that determines RFC, not any one medical professional, and as the ALJ found, Dr. Toor's opinion is not inconsistent with an RFC of light work.  This Court therefore detects no reversible error.

21.     Plaintiff's second argument is that the ALJ erred by failing to properly account for her mental limitations.  In particular, she faults the ALJ for not including limitations in her RFC that correspond to Dr. Deneen's findings that she has mild limitations in regulating emotions, controlling behavior, and maintaining well-being.  (R. at 265.)  The decision reflects, however, that the ALJ fully considered Plaintiff's mental limitations and Dr. Deneen's opinion at both Steps 2 and 4 and found the alleged limitations to be non-severe.  (R. at 14-17, 17 ("I have considered the combined effect of all impairments, severe and non-severe, in determining the claimant's residual functional capacity.")).  Moreover, despite noting the several mild limitations, Dr. Deneen ultimately opined that Plaintiff's psychiatric problems are not significant enough to interfere with her ability to function on a daily basis.  (R. at 265.)  This supports the ALJ's finding that

Plaintiff's alleged mental limitations are non-severe, and as such, require no limitations in the RFC.  See 20 C.F.R. § 416.922 (a) (providing that "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities").  Thus, this Court finds no error.

22.    Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        March 14, 2022
              Buffalo, New York

                                        s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge